IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DYNAENERGETICS GMBH & CO, KG and | § | |
| DYNAENERGETICS US, INC., | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION 4:19-cv-01615 |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| HUNTING TITAN, INC. and HUNTING | § | |
| ENERGY SERVICES, INC., | § | |
| | § | |
| Defendants. | § | |

## JOINT PROPOSED STIPULATIONS

Plaintiffs DynaEnergetics GmbH & Co. KG and DynaEnergetics US, Inc. (collectively, "Dyna") and Defendants Hunting Titan, Inc. and Hunting Energy Services, Inc. (collectively, "Hunting") hereby propose the following stipulations pursuant to the Court's August 27, 2019 Minute Entry (Dkt. 59). These proposed stipulations are not a waiver of any right to present evidence on these issues.

### A. Substantive Stipulations

1. For purposes of this preliminary injunction hearing, Dyna does not allege that any act of misappropriation occurred before July 20, 2018.

2. Dyna met with EOG on July 20, 2018 to discuss the DS Trinity Information.

3. Dyna and Hunting are competitors in the field of perforating systems.

4. Josh Howk and Ryan Rowell from Hunting met with EOG on August 1, 2018.

5. Hunting's February 7, 2019 press release for the H-2 advertises "No tandem subs or ports" as one of H-2's features.

### B.    Procedural Stipulations

6.    The Parties will exchange copies of all forms of demonstratives by 7:00 PM CST the night before expected use.  Any animations must be provided in executable form.  The Parties will inform opposing counsel if they have an objection to any of the proposed demonstratives before 8:00 PM CST and meet and confer sometime thereafter.  Any disputes as to demonstrative exhibits shall be raised with the Court as appropriate before the hearing resumes on the day of their anticipated use.  Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party. Demonstrative trial exhibits need not be listed on the parties' exhibit lists.

7.    The Parties will disclose exhibits to use in direct examination of non-adverse witnesses by 7:00 PM CST the night before expected use.  Any animations must be provided in executable form.  The Parties will inform opposing counsel if they have an objection to any of the proposed exhibits or demonstratives before 8:00 PM CST and meet and confer sometime thereafter.  If there are any disputes to be resolved, the party objecting to the exhibits shall raise with the Court as appropriate before the hearing resumes on the day of their anticipated use.

8.    The advance notification provisions for demonstrative trial exhibits and exhibits intended for use in direct examination of non-adverse witnesses do not apply to demonstrative exhibits and exhibits used in opening statements (if any) or to demonstratives created during testimony or demonstratives to be used for cross examination, which do not need to be provided to the other side in advance of their use.  In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

9.    Any party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were on its own exhibit list, subject to all evidentiary objections.  Any exhibit, once admitted at trial, may be used equally by any party, subject to the Federal Rules of Evidence.

10.    The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the document.  Each party reserves the right to object to the relevance or admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

11.    Subject to the remaining provisions of this Stipulation, no party may use an exhibit not present on its own or an opposing party's exhibit list absent good cause shown or agreement of the parties.

12.    The parties have already exchanged deposition designations and counter-designations.  The parties may decide to play or read less than all of the designated testimony disclosed for a witness.  Should a party decide to play or read less than all of its designated testimony, it shall provide revised designations to the other party by 7:00 PM CST the night before expected use.  The opposing party shall identify its revised counter-designations and

objections by 9:00 PM CST on that day, and the parties shall meet and confer as soon as possible thereafter to resolve any objections.  If good faith efforts to resolve the objections fail, the party objecting to the deposition testimony shall raise with the Court as appropriate before the hearing resumes on the day of their anticipated use.  Both parties' deposition designations for a given witness will be played or read together at the first time that witness is called in the sequence in which the testimony was originally given.

13. The parties expect to present some or all of the witnesses identified in their respective witness lists, or to call the witnesses identified in their respective lists if the need arises, either live or by deposition (written transcript and/or video) as indicated.

14. The parties agree that only rebuttal exhibits, which cannot be anticipated, may be used without inclusion on the exhibit lists.

15. The parties agree that each side can present a short opening statement of no more than approximately thirty (30) minutes. The parties agree that they do not intend to present closing argument unless the Court requests it.

16. The parties agree to alternate witnesses, beginning with Plaintiffs' first witness. Plaintiffs will present their first witness, followed by Defendants presenting their first witness, followed by Plaintiffs' second witness, and so on. The parties agree to identify by e-mail to opposing counsel the order of their witnesses by 12:00 PM CST on Sunday, December 8. The parties further agree that each witness will only testify once on the stand. That is, Plaintiffs will call its first witness, and before the witness leaves the stand, Hunting will have an opportunity to cross the witness and adversely call the witness for its own case. Then, Defendant will call its first witness, and before the witness leaves the stand, Plaintiffs will have an opportunity to cross the witness and adversely call the witness for its own case.

17. The parties have agreed that each side may have up to one (1) non-attorney corporate representative attend any or all portions of the hearing. DynaEnergetics' corporate representative will be Ian Grieves. Hunting's corporate representative will be Rick Bradley.

18. The parties agree that all fact witnesses will be precluded from attending trial when not testifying (unless the fact witness is also one of the corporate representatives attending the trial). That is, the rule of exclusion will apply.

Dated: December 5, 2019

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

By: */s/ Barry J. Herman*
Barry J. Herman (*pro hac vice*)
Maryland Federal Bar No. 26061
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com

*Attorney-in-Charge for Plaintiffs DynaEnergetics GmbH & Co., KG and DynaEnergetics US, Inc.*

OF COUNSEL:
RUSTY HARDIN & ASSOCIATES, LLP
Megan C. Moore
Federal ID 963966
Texas Bar No. 24054322
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, TX 77010
Telephone: (713) 652-9000
Email:  mmoore@rustyhardin.com

WOMBLE BOND DICKINSON (US) LLP
Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
John G. Perry (*pro hac vice*)
Georgia Bar No. 141609
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com
Email: John.Perry@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
Ana J. Friedman (*pro hac vice*)
North Carolina Bar No. 53117
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 747-6622
Email: Ana.Friedman@wbd-us.com

WOMBLE BOND DICKINSON (US) LLP
Julie C. Giardina (*pro hac vice*)
Maryland Federal Bar No. 21085
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5802
Email: Julie.Giardina@wbd-us.com

MOYLES IP, LLC
Lisa J. Moyles (*pro hac vice*)
Connecticut State Bar No. 425652
Jason M. Rockman (*pro hac vice*)
New York Bar No. 4450953
970 Beaver Dam Road
Stratford, CT 06614
Telephone: (203) 258-6675
Email: lmoyles@moylesip.com
Email: jrockman@moylesip.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing *via* electronic mail to all counsel of record.

  */s/ Megan C. Moore*
Megan C. Moore